IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |
|---|---|
| FOR YOUR EASE ONLY, INC., <br> An Illinois Corporation, <br><br> Counterclaim Plaintiff, <br><br> vs. <br><br> MOSTLY MEMORIES, INC., <br> A Missouri Corporation; <br> SCENTIMENTALS, INC., <br> A Missouri Corporation; and <br> TRICIA DERGES, a Missouri resident, <br><br> Counterclaim Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) **Civil Action No. 05-C-7058** <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**STIPULATION AND PROTECTIVE ORDER**

IT IS HEREBY STIPULATED, AGREED TO, and ORDERED by the Court as follows:

The Honorable Judge Ruben Castillo retains final and complete authority to redesignate information listed as CONFIDENTIAL as a matter of public opinion.

1. CONFIDENTIAL INFORMATION, as defined herein, disclosed by plaintiff, a defendant, or a third party (hereinafter "producing party") to any other party (hereinafter "receiving party") pursuant to discovery in this action shall be used solely for purposes of this action.

2. Each page of each document produced pursuant to discovery in this action shall bear a unique identifying number. To the extent that documents previously produced do not comply herewith, it shall not be deemed a violation of this Order.

3. As used herein, the term "party" may include third parties subject to a subpoena in this litigation who agree to be bound by the terms of this Order.

4. As used herein, CONFIDENTIAL INFORMATION refers only to information that a producing party claims in good faith to constitute a trade secret, confidential research, development, or otherwise confidential commercial information. The parties have reached agreement on the categories of information that the parties will designate and treat as confidential in view of the Federal Rules of Civil Procedure and applicable case law. The categories of documents that the parties contemplate may contain CONFIDENTIAL INFORMATION and, therefore, may be designated and treated as CONFIDENTIAL INFORMATION under this Stipulation and Protective Order are listed at Exhibit A. In view of these general categories, the parties have also reached agreement on the appropriate designation of certain specific documents that have already been produced in this litigation.

Despite the inclusion of certain information in one of the general categories identified in Exhibit A, no designation of CONFIDENTIAL INFORMATION shall be made unless such information otherwise constitutes a trade secret, confidential research, development, or otherwise confidential commercial information within the meaning of Fed. R. Civ. P. 26(c)(7).

Such information must be designated as CONFIDENTIAL under the terms and conditions provided herein. Information to be treated under this Protective Order as CONFIDENTIAL INFORMATION may include:

a. Information set forth in responses to discovery requests made under Fed. R. Civ. P. 26, 31, 33, or 36, or in documents and things produced for inspection by a party under Fed. R. Civ. P. 30(b)(5), 33(d), 34 or 45, provided that, prior to delivery to the receiving party, the responses or copies of documents are marked by the producing party with the following (or

similar) legend:

**CONFIDENTIAL - Subject to Protective Order**

    b.    Information revealed during a deposition upon oral examination taken under Fed. R. Civ. P. 27, 28, 30 or 45, if the producing party has (i) indicated on the record or in writing at the time the deposition was taken or prior to the preparation of the transcript, that portions of the deposition contain CONFIDENTIAL INFORMATION or (ii) has notified opposing counsel in writing within fourteen (14) working days after receipt of the deposition transcript that the deposition contains CONFIDENTIAL INFORMATION, in either case specifically identifying those portions of the deposition in which CONFIDENTIAL INFORMATION was disclosed.

    c.    It is contemplated that a party may make available certain of its files for inspection by the other party, which files may contain confidential as well an non-confidential material, and that following such inspection the inspecting party will designate documents to be copied and the copies furnished or produced to it. In order to protect any CONFIDENTIAL INFORMATION contained in the files produced for inspection, all documents made available for such inspection may be temporarily designated by the producing party as CONFIDENTIAL INFORMATION. When the inspecting party designates the documents it wishes copied, the producing party may mark appropriate documents as CONFIDENTIAL INFORMATION according to paragraph 4 and then provide copies of the designated documents to the inspecting party.

    5.    Access to information designated as CONFIDENTIAL INFORMATION shall be limited to the following persons:

    a.  outside counsel for a receiving party, outside counsel for the parties' insurance companies, and stenographic, clerical, and legal assistant employees, and agents of those attorneys whose functions require access to CONFIDENTIAL INFORMATION; EXCEPT that no CONFIDENTIAL INFORMATION shall be disclosed to any attorney who is directly involved with the prosecution or reexamination of any patent(s) related to the information, products, and/or technology at issue in this litigation or any continuations thereof or other patents covering related information, products, and/or technology. This exclusion applies from the date of this Court's entry of this Protective Order and continues for a period of one year after the conclusion of this litigation. This exclusion shall not apply to any law firm in general or any attorney for a party who is not directly involved in prosecution or reexamination of such patent(s).

    b.  the Court and its authorized staff, court reporters, and the jury;

    c.  litigation support services, including outside copying services.

    d.  outside experts or consultants for a receiving party whose advice and consultation are being or will be used by such party solely in connection with this action, including their stenographic and clerical personnel; and any person who may testify as a witness, either at a deposition or at a court proceeding provided that disclosure to such experts, consultants, and witnesses shall be made only on the following conditions, unless otherwise governed by Paragraphs 10 and 11 below:

    i.  Counsel desiring to disclose CONFIDENTIAL INFORMATION to such experts, consultants, or witnesses shall first obtain a signed Agreement To Abide By Stipulation And Protective Order in the form of Exhibit B attached hereto from each such witness, expert or consultant and each of his stenographic and clerical personnel who

would require access to CONFIDENTIAL INFORMATION, and counsel shall retain in his file the original of each such signed Agreement To Abide By Stipulation And Protective Order.

    ii.  No CONFIDENTIAL INFORMATION shall be disclosed to such expert, consultant or witness until after the expiration of a ten (10) working day period commencing with the service upon counsel for the producing party a copy of the signed Agreement To Abide By Stipulation And Protective Order, including the name of the expert, consultant or witness, and a curriculum vitae or other summary of the expert or consultant occupation history and background. During the ten (10) working day period after such service, counsel for the producing party may object in good faith to such disclosure, and must provide the basis for such objection in writing. In the event of any such objection, there shall be no disclosure of CONFIDENTIAL INFORMATION to such expert, consultant, or witness, except by further order of the Court or by agreement of the parties. If the parties are unable to reach any agreement over the disclosure of designate CONFIDENTIAL INFORMATION to the expert, consultant, or witness, the party seeking to prevent the disclosure shall request by motion that the Court issue an order preventing the disclosure of such CONFIDENTIAL INFORMATION to the expert, consultant, or witness. In accordance with the procedure outlined in paragraph (9) herein, the burden of supporting the claim that the information is CONFIDENTIAL INFORMATION and/or that it should not be disclosed to a particular expert, consultant or witness shall be upon the party who designated the information as CONFIDENTIAL INFORMATION. In the event of the filing of any such motion, there shall be no disclosure of CONFIDENTIAL INFORMATION to the expert, consultant, or witness pending resolution of the motion by the Court.

  e.  Not more than two (2) designated employees of any party. Each party must identify the designated person(s) to the producing party and request such person(s) to sign

5

the Agreement To Abide By Stipulation And Protective Order in the form attached hereto as Exhibit B. The executed agreement shall be served upon counsel of record for the producing party before such person(s) is given access to CONFIDENTIAL INFORMATION.

  f. Designated representatives of the parties' insurance companies. Each party must identify the designated person(s) to the producing party and request such person(s) to sign the Agreement To Abide By Stipulation And Protective Order in the form attached hereto as Exhibit B. The executed agreement shall be served upon counsel of record for the producing party before such person(s) is given access to CONFIDENTIAL INFORMATION.

  6. Materials Designated as "Attorneys' Eyes Only"

In the event that a party deems in good faith certain information, documents, or things extraordinarily sensitive and, therefore, inappropriate for treatment merely as CONFIDENTIAL INFORMATION, such items may be designated and marked "FOR ATTORNEYS' EYES ONLY" in addition to the CONFIDENTIAL designation set forth in this Stipulation and Protective Order. Materials designated as "FOR ATTORNEYS' EYES ONLY" will be treated as CONFIDENTIAL INFORMATION as set forth in this Stipulation and Protective Order, except that those person(s) identified in Paragraphs 5(d), 5(e), and 5(f) will be prohibited access to such designated materials.

  7. CONFIDENTIAL INFORMATION shall not be made public or disclosed to third parties or persons by the receiving party, shall be used by the receiving party only for the purposes of discovery or trial in the present action and for no other purpose either prior to or subsequent to disposition of the present action, and shall be disclosed only to persons specified in Paragraphs 5 and 6. However, neither this restriction nor any other provision of this Order shall

restrict the use of any copies of documents or other information of which the receiving party is in possession other than through production by another party under this Protective Order.

8. If CONFIDENTIAL INFORMATION is to be filed with the Court in connection with any proceedings herein, it shall be filed in accordance Local Rule 26.2.

9. The acceptance of CONFIDENTIAL INFORMATION by the parties shall not constitute an admission or concession or permit an inference that the CONFIDENTIAL INFORMATION is in fact confidential. Any receiving party may at any time request that the designating party cancel the CONFIDENTIAL designation with respect to any document, object or information. Such request shall be made to counsel for the designating party, and shall particularly identify the designated CONFIDENTIAL INFORMATION that the receiving party contends is not confidential and the reasons supporting its contention. If the designating party does not agree to remove the CONFIDENTIAL designation, then the party contending that such documents, objects or information are confidential may request by motion that the Court place such information under the restrictions of this Order. A presumption attaches, upon designation of a particular item of information as CONFIDENTIAL, that such information is in fact entitled to confidential status under this Stipulation and Protective Order, and the party opposing such designation shall bear the initial burden of presenting evidence to overcome the presumption. In such case, the burden of supporting the claim that the information is CONFIDENTIAL INFORMATION shall then be upon the party who designated the information as CONFIDENTIAL INFORMATION. In the event of the filing of any such motion, there shall be no disclosure of CONFIDENTIAL INFORMATION to any person or party except under the provisions of this Stipulation and Protective Order, pending resolution of the motion by the Court.

10. a. This Stipulation and Protective Order shall not prevent a party from attempting to examine as witnesses, at depositions and at trial, persons who are not otherwise authorized to receive CONFIDENTIAL INFORMATION, so long as such examination concerns CONFIDENTIAL INFORMATION to which the witness previously had authorized access or of which the witness has prior knowledge, as demonstrated by foundation testimony pursuant to paragraph 10(b) or as evident from the face of the document or other undisputed documentation. If such witness is represented by counsel, such information may also be disclosed to such counsel so long as counsel agrees to abide by the terms of this Order.

b. This Stipulation and Protective Order shall not prevent counsel from examining a witness to determine whether he or she has prior knowledge of CONFIDENTIAL INFORMATION, so long as such examination shall be in a manner that does not disclose the details of the CONFIDENTIAL INFORMATION.

c. This Stipulation and Protective Order shall not prevent counsel for any entity from using CONFIDENTIAL INFORMATION produced by another entity to examine any employee (or former employee, with respect to information in existence at the time of the former employee's employment with the producing party) of the entity producing the CONFIDENTIAL INFORMATION. For example, a defendant can use any of the CONFIDENTIAL INFORMATION produced by plaintiff to examine any of that plaintiff's employees (assuming they are otherwise properly deponents). However, information designated as ATTORNEYS EYES ONLY shall not be so disclosed to a present or former employee unless: (1) the conditions of paragraph 10(a) are satisfied, or (2) the producing party agrees in advance of the disclosure to allow it.

11.  CONFIDENTIAL INFORMATION may be used in testimony at trial, at any motion hearing, and at depositions, and may be offered in evidence at trial or at any motion hearing, all subject to any further order regarding confidentiality as this Court may enter, and may be used to prepare for and conduct discovery, to prepare for trial and to support or oppose any motion, all subject to paragraphs 5 and 6, but may not be used for any other purpose except as expressly provided herein or by further order of the Court. At the request of a producing party, any person(s) not permitted access to CONFIDENTIAL INFORMATION under paragraphs 5 and 6 may be barred from attending any portion of any motion hearing, or depositions at which such CONFIDENTIAL INFORMATION is revealed, subject to any further order regarding confidentiality as this Court may enter. With respect to trial and appeal, the parties shall meet and confer before introducing confidential documents or testimony to discuss whether, by agreement, they can redact or otherwise avoid use of CONFIDENTIAL INFORMATION not necessary for introduction at trial or on appeal. Before any material designated by a third party as CONFIDENTIAL INFORMATION is produced during discovery or otherwise used at a deposition, hearing, trial, or appeal, the party intending to produce or use such material designated as CONFIDENTIAL INFORMATION must provide the third party with ten (10) days written notice prior to its submission to allow the third party an opportunity to object and be heard on the issue.

12.  Nothing in this Order shall bar or otherwise restrict any attorney from rendering advice to a party-client in this action and in the course thereof, relying upon such attorney's examination of CONFIDENTIAL INFORMATION; provided, however, that in rendering such advice and in otherwise communicating with such client, the attorney shall not disclose any CONFIDENTIAL INFORMATION to unauthorized persons.

13. The disclosure by a producing party of CONFIDENTIAL INFORMATION by way of delivering responses to discovery requests, delivering copies of documents and things, disclosing deposition testimony or otherwise, without the designation required by paragraph 4, shall constitute a waiver of any claim of confidentiality, except in the situation where (a) such disclosure resulted from inadvertence or mistake on the part of the producing party, (b) such inadvertent or mistaken disclosure has been brought to the attention of the receiving party promptly after discovery of such inadvertence or mistake, and (c) within five (5) working days of such notification of inadvertence or mistake, the producing party has provided properly marked documents and things indicating those portions considered to be CONFIDENTIAL INFORMATION. Upon such notice, and upon receipt of properly marked documents and things, the materials shall be treated as CONFIDENTIAL INFORMATION and the receiving party shall return said unmarked documents and things to the extent practicable, and shall not retain copies thereof and shall treat information contained in said documents and things and any summaries or notes thereof as CONFIDENTIAL INFORMATION pursuant to the terms thereof.

14. Should any CONFIDENTIAL INFORMATION be disclosed, inadvertently or otherwise, by the receiving party to any person or party not authorized under this Stipulation and Protective Order, then the receiving party shall (a) use its best efforts to obtain the return of any such CONFIDENTIAL INFORMATION and to bind such person to the terms of this Stipulation and Protective Order; (b) as soon as possible and no later than five (5) working days of the discovery of the unauthorized nature of such disclosure, inform such person of all provisions of this Stipulation and Protective Order; (c) as soon as possible and no later than five (5) working days of the discovery of the unauthorized nature of such disclosure, identify to the producing party such person and the nature and substance of the disclosure; and (d) request such person to

sign the Agreement To Abide By Stipulation And Protective Order in the form attached hereto as Exhibit B. The executed agreement shall be served upon counsel of record for the producing party as soon as possible and no later than five (5) working days of its execution by the party to whom CONFIDENTIAL INFORMATION was disclosed.

15. Nothing in this Stipulation and Protective Order shall require disclosure of information which counsel contends is protected from disclosure by the attorney-client privilege or attorney work-product immunity.

16. If information subject to a claim of attorney-client privilege or work-product immunity is inadvertently or mistakenly produced, such production shall in no way prejudice or otherwise constitute a waiver of, estoppel as to, any claim of privilege or work-product immunity for such information. If a party has inadvertently or mistakenly produced information subject to claim of immunity or privilege, upon request made by the producing party within five (5) business days of discovery of such inadvertent or mistaken production, the information for which a claim of mistaken or inadvertent production is made shall be returned within five (5) working days of such request and, if an inadvertently or mistakenly produced document or thing, all copies of that document or thing that may have been made shall be returned or destroyed. If no such request for return is made by the producing party within five (5) business days of discovery of the inadvertent or mistaken production, the privilege or immunity shall be deemed to be waived with respect to all such inadvertently produced information.

17. A party may move the Court for an order compelling production of information being withheld on a claim of immunity or privilege, if it believes that the information is not properly being withheld on the basis of the attorney-client privilege or work product doctrine. The burden of proof shall be upon the movant to demonstrate that the information being withheld

is not properly subject to a claim of immunity or privilege. In all cases, information being withheld on a claim of immunity or privilege shall be identified in a privilege log indicating all provider(s) and recipient(s) of the information, the date(s) and means of its creation and transmission, and the subject matter to which the information relates.

18. The restrictions and obligations set forth in this Stipulation and Protective Order relating to CONFIDENTIAL INFORMATION shall not apply to any information which (i) the parties agree, or the Court rules, is already public knowledge, (ii) the parties agree, or the Court rules, has become public knowledge other than as a result of disclosure by the receiving party, or (iii) is in the receiving party's legitimate possession independently of production by the producing party under this Order. Such restrictions and obligations shall not be deemed to prohibit discussions with any person concerning CONFIDENTIAL INFORMATION if said person already has legitimate possession thereof.

19. This Stipulation and Protective Order shall not prevent any party from applying to the Court for relief therefrom, or from applying to the Court for further or additional protective orders.

20. This Stipulation and Protective Order shall survive the termination of this action.

21. After final termination of this action, the counsel designated in paragraph 5 hereof for the receiving party may each retain one archival copy of deposition exhibits, Court exhibits, documents and other materials submitted to the Court, deposition transcripts and transcripts of court proceedings, any of which include CONFIDENTIAL INFORMATION. Such material shall continue to be treated as CONFIDENTIAL INFORMATION under this agreement. After final termination of this action, counsel for the receiving party either shall return to counsel for the producing party all copies of additional CONFIDENTIAL INFORMATION in its

possession, custody or control or in the custody of any authorized agents, witnesses, outside experts and consultants retained or utilized by counsel for the receiving party. In lieu of returning the CONFIDENTIAL INFORMATION to the producing party, the receiving party shall certify destruction thereof to the producing parties' counsel within 60 days of the termination of the action or within 30 days of a written request of the producing party. As to CONFIDENTIAL INFORMATION reflected in computer databases or backup tapes, the receiving party shall delete all such CONFIDENTIAL INFORMATION or shall impose passwords or designate the information in a manner reasonably calculated to prevent unauthorized access to the CONFIDENTIAL INFORMATION.

22. If a third party provides discovery to any party in connection with this action, and if the third party so elects, then the provisions of this Stipulation and Protective Order shall apply to such third party as if such discovery were being provided by a party. Under such circumstances, the third party shall have the same rights and obligations under this Stipulation and Protective Order as held by the parties to this action.

23. In addition to the parties, a member of the public may challenge the confidential designation of particular documents on motion.

24. The Court retains final and absolute authority to determine the confidentiality of any document filed pursuant to this Protective Order, and nothing herein shall restrict the Court from, in its sole discretion and absent any motion or request from any party hereto or third party, re-designating any document marked CONFIDENTIAL as not confidential or subject to this Protective Order, and from permitting or ordering the re-filing of such document as public record.

SO ORDERED:

Dated: 3/5/09

_____
JUDGE RUBEN R. CASTILLO
U.S. District Judge

                                        Agreed to and Accepted by:

                                        FOR YOUR EASE ONLY, INC.,
                                        Counterclaim Plaintiff

Dated: February 25, 2009                 By: s/William D. Schultz
                                               One of their attorneys

MERCHANT & GOULD, P.C.            LATIMER LEVAY JURASEK L.L.C.
Daniel W. McDonald                     Donald B. Levine
Christopher A. Seidl                      55 West Monroe Street, Suite 1100
80 South Eighth Street, Suite 3200     Chicago, IL 60603
Minneapolis, MN 55402               (312) 422-8000
(612) 332-5300

                                        Agreed to and Accepted by:

                                        MOSTLY MEMORIES, INC. and TRICIA
                                        DERGES, Counterclaim Defendants

Dated: February 25, 2009                 By:  s/Michael A. Maciejewski
                                                One of its attorneys

                                        Michael A. Maciejewski
                                        Paul Bullard
                                        Michael A. Maciejewski, Ltd.
                                        970 Oaklawn Avenue, Ste. 204
                                        Elmhurst, Illinois 60126
                                        (630) 530-7245

# **EXHIBIT A**

Categories of Information that may be Designated and Treated as
CONFIDENTIAL INFORMATION
Under the Stipulation and Protective Order
Provided that the Information Otherwise Meets the Requirements of
Rule 26(c)(7) of the Federal Rules of Civil Procedure

1. Names and contact information for venders, suppliers, manufacturers, distributors, and customers.

2. Financial information, including cost information and revenues on products in units and dollars;

3. Business plan documents regarding products and sales, pricing, and patents, copyrights, or trademarks;

4. Information subject to confidentiality restrictions in agreements with entities other than litigants; and

5. Product blueprints, diagrams, dimensions, materials, and other technical information that is not publicly available.

6. Information within the above categories and produced prior to the entry of this Protective Order and expressly identified as information which should be subject to this Order upon its entry.

**EXHIBIT B**

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| FOR YOUR EASE ONLY, INC., An Illinois Corporation, <br><br> Counterclaim Plaintiff, <br><br> vs. <br><br> MOSTLY MEMORIES, INC., A Missouri Corporation; SCENTIMENTALS, INC., A Missouri Corporation; and TRICIA DERGES, a Missouri resident, <br><br> Counterclaim Defendants. | **Civil Action No. 05-C-7058** |

**AGREEMENT TO ABIDE BY STIPULATION AND PROTECTIVE ORDER**

I have read the Stipulation and Protective Order applicable to the above-captioned action. I understand its terms and agree to be fully bound by them, and hereby submit to the jurisdiction of the United States District Court for the Northern District of Illinois, for purposes of the enforcement of the Stipulation and Protective Order. I understand, in particular, that any CONFIDENTIAL INFORMATION (as that term is defined in the Stipulation and Protective Order) and any copies, excerpts or summaries thereof and materials containing information derived therefrom, as well as any knowledge or information derived from any of the aforementioned items, may be used only for purposes of this litigation and may not be used for any other purpose, including without limitation, any technical, business or commercial purpose. I further understand that failure to abide fully by the terms of the Stipulation and Protective

Order may result in legal action against me, including being held in contempt of court and liability for monetary damages.

Dated: _____   Agreed: _____