# Issued by the
# UNITED STATES DISTRICT COURT

Western     DISTRICT OF     Missouri (Southern Division)

For Your Ease Only, Inc.,

v.

Mostly Memories, Inc., A Missouri Corporation;
Scentimentals, Inc., A Missouri Corporation; and Tricia
Derges, a Missouri resident.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]    02 C 7345
(Case venued in the Northern District of Illinois)

TO: Empire Bank
1800 South Glenstone
Springfield, MO 65804

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case. **PLEASE SEE ATTACHED SCHEDULE B**

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Marriott Courtyard Airport<br>3527 West Kearney, Springfield, MO 65803 | May 1, 2009 at 11:00 a.m. (CT) |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

**PLEASE SEE ATTACHED SCHEDULE A**

| PLACE | DATE AND TIME |
|---|---|
| Metro Legal Services, c/o National Investigative Services<br>1325 West Sunshine, PMB 228, Springfield, MO 65807 | April 28, 2009 |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature]* attorney for For Your Ease Only, Inc. | April 21, 2009 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

William D. Schultz, Merchant & Gould P.C.
80 South Eighth Street, Suite 3200, Minneapolis, MN 55402
Tele: 612.332.5300

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

## PROOF OF SERVICE

| DATE | PLACE |
|---|---|

| SERVED | | |
|---|---|---|
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
| SERVED BY (PRINT NAME) | | TITLE |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____    _____
                DATE                                          SIGNATURE OF SERVER

                                                                                       ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

# SCHEDULE A

## DEFINITIONS

The following definitions are to be applied with regard to the subpoena:

<u>Communications.</u> "Communications" include, without limitation, all oral and written communications, whether or not in person, by telephone, facsimile, e-mail, letter or otherwise, between two or more persons or individuals, and the electronic transmittal of information in the form of facts, ideas, inquiries or otherwise.

<u>Concerning.</u> The term "concerning" means relating to, regarding, referring to, pertaining to, describing, evidencing, reflecting, or constituting.

<u>Document.</u> The term "document" is defined to be synonymous in meaning and equal in scope with the broadest usage of such term in Federal Rule of Civil Procedure 34, including both electronic and other records.

## DOCUMENTS AND THINGS REQUESTED

1. All documents related to any loan applied for, considered, or granted to Mostly Memories, Inc., Scentimentals, Inc. or any agents thereof, including Tricia Derges and Daniel Derges.

2. All documents related to the activities since 2005 of Mostly Memories, Inc. or Scentimentals, Inc., including any transfers of assets of or related to the past or present activities of Mostly Memories, Inc. or Scentimentals, Inc.

3. All documents concerning Aguirre Holdings, LLC's acquisition of any assets formerly owned by or related to Mostly Memories, Inc., including but not limited to any documents regarding the proposed or actual terms of any acquisition of such assets, the

actual or proposed price paid for any such assets, and the timing of any acquisition of such assets.

4. All documents concerning any business dealings with or the business of Mostly Memories, Inc. or Tricia or Dan Derges, concerning For Your Ease Only, Inc., QVC, Lori Greiner, or Dan Greiner.

5. All financial statements (audited or unaudited), profit and loss statements, and all other financial documents of whatever character, which reflect the assets, liabilities, income, revenues, costs, expenses or profits and losses for Mostly Memories, Inc. or Scentimentals, Inc. during the last five (5) years.

6. All documents relating to the transfer or use of any assets or resources of Mostly Memories, Inc. or Scentimentals, Inc. for the personal benefit of any individuals, including but not limited to Dan or Tricia Derges or any present or former owners or directors of Mostly Memories, or for the benefit of any other business entities since 2005.

7. All documents related to Scentimentals, Inc.'s affiliation with Trish Derges or Mostly Memories, Inc., including but not limited to documents concerning the commingling of assets or activities between Scentimentals and Mostly Memories, Inc.

8. All documents related to Legacy Too, Inc.'s affiliation with Trish Derges or Mostly Memories, Inc., including but not limited to documents concerning the commingling of assets or activities between Legacy Too, Inc. and Mostly Memories, Inc.

9. All documents related to Spa Te Da's affiliation with Trish Derges or Mostly Memories, Inc., including but not limited to documents concerning the commingling of assets or activities between Spa Te Da and Mostly Memories, Inc.

10. All documents referring or relating to Mostly Memories, Inc.'s or Scentimentals, Inc.'s transactions with QVC or IQVC, including but not limited to purchase orders directed to products that were to be sold or were sold on QVC or IQVC and proceeds received from or payments made by QVC or IQVC.

3

## SCHEDULE B – 30(b)(6) Deposition Topics

1. Loan documents, including, but not limited to, loan applications, loan approvals and denials and other financial information submitted by or given to Mostly Memories, Inc., Scentimentals, Inc. or any agents thereof, including Tricia and Daniel Derges.