**Issued by the**

# UNITED STATES DISTRICT COURT

WESTERN    DISTRICT OF    MISSOURI

MOSTLY MEMORIES, INC.

**SUBPOENA IN A CIVIL CASE**

V.

FOR YOUR EASE ONLY, INC., LORI GREINER
AND DANIEL GREINER, individually and
D/B/A, CLEVER & UNIQUE CREATIONS, WITH LORI
GREINER, ON QVC, TV, An Unincorporated Business
Association; and QVC, INC

Case Number:[1]    02 C 7345
Northern District of Illinois

TO:    Aguirre Holdings LLC
C/O: David C. Agee, Esq. (per agreement to accept service)
901 St. Louis, Suite 1900
Springfield, MO 65806

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Husch Blackwell Sanders LLP<br>C/O David C. Agee, Esq.<br>901 St. Louis, Suite 1900<br>Springfield, MO 65806 | December 22, 2008 |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

**PLEASE SEE ATTACHED SCHEDULE A**

| PLACE | DATE AND TIME |
|---|---|
| Husch Blackwell Sanders LLP<br>C/O: David C. Agee, Esq.<br>901 St. Louis, Suite 1900<br>Springfield, MO 65806 | December 12, 2008 |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE  11/19/2008 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
William D. Schultz, Merchant & Gould P.C.
80 South Eighth Street, Suite 3200, Minneapolis, MN 55402
Tele: 612.332.5300

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

## PROOF OF SERVICE

DATE          PLACE

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
| --- | --- |
| David C. Agee, Esq. with copy to Amanda Dysart | Letter per agreement on 11/18/08 with Amanda Dysart. |

| SERVED BY (PRINT NAME) | TITLE |
| --- | --- |
| Abigail Ries | Legal Assistant |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

# SCHEDULE A

## DEFINITIONS

The following definitions are to be applied with regard to the subpoena:

Communications.  "Communications" include, without limitation, all oral and written communications, whether or not in person, by telephone, facsimile, e-mail, letter or otherwise, between two or more persons or individuals, and the electronic transmittal of information in the form of facts, ideas, inquiries or otherwise.

Concerning.  The term "concerning" means relating to, regarding, referring to, pertaining to, describing, evidencing, reflecting, or constituting.

Document.  The term "document" is defined to be synonymous in meaning and equal in scope with the broadest usage of such term in Federal Rule of Civil Procedure 34, including both electronic and other records.

## DOCUMENTS AND THINGS REQUESTED

1.      All documents concerning any business dealings with or the business of Mostly Memories Inc. or Tricia or Dan Derges, concerning For Your Ease Only, Inc., QVC, Lori Greiner, or Dan Greiner.

2.      All documents acquired from or on behalf of Mostly Memories or Tricia or Dan Derges in connection with Aguirre Holdings, LLC's acquisition of any assets formerly owned by or related to Mostly Memories, Inc.

3.      All documents concerning Aguirre Holdings, LLC's acquisition of any assets formerly owned by or related to Mostly Memories, Inc., including but not limited to any documents regarding inventorship, creation, or ownership of intellectual property

assets or product designs associated with the business of Mostly Memories, Inc., any actual or draft agreements or understandings related to the acquisition of any assets of Mostly Memories, Inc., and any other documents regarding the proposed or actual terms of any acquisition of such assets, the actual or proposed price paid for any such assets, and the timing of any acquisition of such assets.

4.　　All documents concerning the financial and/or legal status of Mostly Memories, Inc. before or after the time Aguirre Holdings entered any agreements with Mostly Memories, Inc., including but not limited to any due diligence undertaken regarding the finances or status of Mostly Memories, Inc.

5.　　All documents related to Scentimentals, Inc., including but not limited to documents regarding the past or present corporate relationship between Mostly Memories, Inc. and any person or business doing business under the name Scentimentals, including but not limited to documents concerning whether Scentimentals is an alter ego of Mostly Memories, Inc.

6.　　All documents relating to the transfer or use of any assets or resources of Mostly Memories, Inc. or Scentimentals, Inc. for the personal benefit of any individuals, including but not limited to Dan or Tricia Derges or any present or former owners or directors of Mostly Memories, or for the benefit of any other business entities.

7.　　All documents referring or relating to Mostly Memories, Inc.'s or Scentimentals, Inc.'s transactions with QVC or IQVC, including but not limited to purchase orders directed to products that were to be sold or were sold on QVC or IQVC and proceeds received from or payments made by QVC or IQVC.

8.     All documents related to any valuation, appraisal, or analysis of any of Mostly Memories' or Scentimentals' assets or liabilities.

9.     All financial statements (audited or unaudited), profit and loss statements, and all other financial documents of whatever character, which reflect the assets, liabilities, income, revenues, costs, expenses or profits and losses for Mostly Memories, Inc. during the last five (5) years.

10.     All documents concerning any legal actions involving Mostly Memories, Inc., including but not limited to documents involving the litigations with For Your Ease Only Inc., QVC, or attorneys Marc Machtinger or the estate of John Bickley, including but not limited to documents sent to or received from Tricia Derges or any other employee, owner or representative of Mostly Memories, Inc. related to those actions.

11.     All documents concerning the Kingsly Group's connection with or relation to Mostly Memories, Inc. and/or the transaction between Mostly Memories, Inc. and Aguirre Holdings, LLC, including but not limited to any correspondence to or from the Kingsly Group relating to Mostly Memories, Inc., any account set up by or on behalf of the Kingsly Group in relation to the transaction, and any documents involving Kingsly Group related to Aguirre Holdings' purchase of Mostly Memories' assets.